UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| HERMAN THOMAS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:15-CV-253 JD |
|  | ) |  |
| CARLA SMITH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

OPINION AND ORDER

Herman Thomas, a *pro se* plaintiff, initially filed a vague complaint under 42 U.S.C. § 1983 alleging that Grant County Probation Officer Carla Smith set an excessive bail in his state criminal case. (DE 1.) However, because in Indiana the amount of bail is determined and established by the court, not a probation officer, the claim as pled was implausible. Nevertheless, he was granted leave to file an amended complaint and clarify his allegations in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). (DE 7.) Thomas has now filed an amended complaint. (DE 9.) He again names Carla Smith as a defendant and adds Grant Superior Court Judge Kenworthy.

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law."

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Thomas alleges:

> I believe I have been violated because of an unreasonable bond $500,000 dollars is an excessive amount just for a Class D theft. (Carla Smith & Judge Kenworthy)

(DE 9 at 3.)

Again without any supporting facts, Mr. Thomas alleges Carla Smith, a Grant County Probation Officer, set an excessive amount for his bail, which forced him to stay incarcerated while he was awaiting trial. Previously, the court advised Thomas that, should he file an amended complaint, he needed to explain what Carla Smith did that resulted in his bail being excessive. Nevertheless, Mr. Thomas failed to provide any such explanation. As the court has explained to Mr. Thomas previously, in Indiana the amount of bail is determined and established by the court, not a probation officer. IND. CODE § 35-33-8-4. The mere fact that Carla Smith was his assigned probation officer is not enough to hold her liable for the court's determined amount of bail. Thus, without more, it is implausible to conclude that Probation Officer Carla Smith was responsible for setting Thomas's bail. For that reason, the complaint fails to state a plausible claim against her.

Next, Mr. Thomas sues Grant County Superior Court Judge Kenworthy for setting an excessive bail. Though he does not explain Judge Kenworthy's actions in much detail, it does not matter. Thomas cannot sue the state court judge, because he is entitled to absolute immunity for acts

performed in his judicial capacity. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Setting bail is a judicial act for which state court judges are immune. This is true even if Thomas believes Judge Kenworthy acted improperly in setting his bail; Thomas's remedy was through the state appellate process, not a civil rights suit here. *Id.* at 661.

Finally, to the extent Mr. Thomas seeks to be released from custody, he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

For these reasons, the court dismisses this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: January 28, 2016

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court